ST. LOUIS, SOUTHWESTERN RAILWAY COMPANY v. S. V. L. RAY.

No. 1577.

**Passenger's Baggage—Delay.**

It is the duty of a carrier to transport the passenger's baggage in a reasonable time, but not necessarily on the same train: and where, by reason of the baggage car being full, it was transported to the point checked to on the next train, the passenger having continued his trip over another road without it and thus being deprived of its use for ten days during the trip, no failure of duty on the part of the carrier was shown.

APPEAL from District Court of Camp County. Tried below before Hon. JNO. L. SHEPPARD.

*Sam. H. West* and *Todd & Rogers*, for appellant.—The court erred in rendering judgment for plaintiff, and in not rendering judgment for defendant; because the evidence shows that the defendant contracted and was bound to deliver said trunk at Waco, and not Georgetown, and it did transport same within a reasonable time and delivered it to plaintiff as directed by him, at Waco. Railway v. Smith, 81 Texas, 429; 2 Willson's C. C., 35; Railway v. Smith, 63 Texas, 322; Railway v. Levi, 76 Texas, 341; Cross v. McFadden, 1 Texas Civ. App., 465; Hutchinson on Carriers, secs. 292-3, 328, 330, 331.

*Sam. D. Snodgrass* and *John B. Eddins*, for appellee.—A failure to deliver baggage at a point connecting with another road over which a passenger is traveling within a reasonable and proper time is tantamount to a non-delivery as far as the passenger is concerned, and his resources having been exhausted by diligence in efforts to have it forwarded, the passenger is damaged thereby the value of the use of the property during the delay in delivery. Railway v. Vancil, 2 Texas Civ. App., 427.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—December 23, 1893, appellee and his wife left Pittsburg, Texas, to visit relatives and friends in Georgetown, Texas, and reached their destination December 24, 1893, where they remained until January 3, 1894, when they returned to Pittsburg, reaching home January 4, 1894.

A trunk containing such wearing apparel as was suitable for each to wear during their visit was delivered to appellant's agent at Pittsburg to be shipped; and said trunk not having been delivered to appellee at Georgetown, he and his wife suffered considerable inconvenience, deprivation, annoyance and mortification. The trunk was delivered to appellee at Pittsburg, January 6, 1894. And on account of the failure to receive it at Georgetown he brought this suit and recovered a judgment for $450.

The uncontroverted testimony shows that appellant's road does not extend all the way from Pittsburg to Georgetown; that between 3 and

4 o'clock p. m., December 23, 1893, plaintiff bought tickets for himself and wife from appellant's agent at Pittsburg, from that point to Waco, and directed said agent to check plaintiff's trunk to Waco, which the agent did; that the passenger train came in about fifteen minutes and plaintiff and his wife started on their journey; that they reached Waco about 12 o'clock that night, went to the depot of the Missouri, Kansas and Texas Railway, bought tickets to Taylor, Texas, and continued their journey to Taylor, where they took the International and Great Northern Railroad to Round Rock, and there bought tickets and changed cars again, and reached Georgetown in the afternoon of December 24; that when the train on which plaintiff and his wife left Pittsburg reached that station the baggage car was so full that the trunk could not be put in it, and it was not shipped on that train, but was shipped on the next train going to Waco, which passed Pittsburg that night some time after 1 o'clock. The testimony does not show when the trunk reached Waco; but does show that it was carried to the depot of the M., K. & T. Railway, by a man who the plaintiff says he employed to receive the the trunk at Waco and forward it to Georgetown, December 25, 1893.

Appellant never agreed and was under no obligation to transport the trunk beyond Waco. Nor did it agree to ship it on the same train that appellee and his wife went on. Its obligation was to transport the trunk to Waco within a reasonable time after it received and checked it.

And, as the evidence fails entirely to show that it did not comply with its contract, the court should have rendered judgment against the plaintiff.

Therefore, without passing on other questions presented in appellant's brief, the judgment of the District Court will be reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

Decided May 27, 1896.